Roache v. Nguyen

*Michael S. Bomstein,* for plaintiff.
*Charles V. Curley,* for defendant.

BERNSTEIN, *J.,* January 10, 2011—Defendant Chau Nguyen has appealed from this court's order and opinion dated July 28, 2010, and its order denying post-trial relief dated December 8, 2010. The order and opinion dated July 28, 2010 ruled that defendant Chau Nguyen had constructive notice of certain mortgages encumbering real property which she purported to have acquired. The order dated December 8, 2010 denied defendant Chau Nguyen's motion for post-trial relief. For the reasons stated in the accompanying opinion, this court respectfully suggests that its order and opinion dated July 28, 2010, and its order denying post-trial relief dated December 8, 2010, should be affirmed.

*Background and Procedural History*

In this action plaintiff, Laura Roache ("plaintiff"), administratix of the estate of Frances Stephens, sought to quiet title in real property owned by the estate of Frances Stephens (the "property").

On July 11, 2008, plaintiff filed the instant lawsuit on behalf of the estate. The complaint alleged that in 2007, defendant Richmond American General Contractors, Inc. ("Richmond,") acquired the property owned by the estate of Frances Stephens by means of a fraudulent deed. According to the complaint, the deed was fraudulent because it contained the signatures of grantors who had been dead since 1976.

On October 18, 2008, Richmond filed preliminary objections. Subsequently, plaintiff filed an amended complaint, and defendant Richmond filed preliminary objections thereto. These preliminary objections were overruled on January 26, 2009.

On February 16, 2009, Richmond filed an answer with new matter to the amended complaint. On the same day, Richmond joined three additional individuals, Bruce Doan, Stephen Roache, and Elizabeth De Jesus. The joinder complaint alleged that in 2007 Bruce Doan had delivered to Richmond a deed to the property containing the forged signatures of John and Lillie Mae Bonner. John and Lillie Mae Bonner were the last individuals appearing as owner in the registry of deeds, and had been deceased since 1976, more than thirty years before their purported signatures appeared on the deed.[1] The joinder complaint also alleged that additional defendant Elizabeth De Jesus had notarized the deed containing the forged signatures, and additional

---

1. Joinder complaint of defendant Richmond, ¶¶10-17.

defendant Stephen Roache had impersonated one of the decedents, John Bonner, throughout the transaction.[2]

During discovery, plaintiff learned that Richmond had conveyed the property by deed to an individual named Chau Nguyen ("Nguyen") plaintiff sought to file a second amended complaint joining Nguyen as an indispensable party. On June 17, 2009, the court issued an order granting plaintiff's motion, and on June 20, 2009, plaintiff filed a second amended complaint naming Nguyen as a defendant. The second amended complaint sought to void the conveyance from Richmond to Nguyen.

On July 14, 2009, Nguyen filed an answer with new matter to the second amended complaint, and a cross-claim against defendant Richmond. Nguyen's cross-claim asserted contribution and indemnification against Richmond if the court voided the forged deed and all subsequent transactions therefrom. On July 17, 2009, defendant Richmond cross-claimed against defendant Nguyen. The cross-claim of Richmond sought contribution and indemnification from Nguyen.

Trial ensued, and this court issued on July 28, 2010 an order and opinion containing findings of fact and conclusions-of-law. This court found that the deed conveying the property to defendant Richmond was fraudulent. The deed was fraudulent because it contained the forged signatures of John and Lillie Mae Bonner who had both been dead more than 31 years before the property was purportedly sold to Richmond. This court also found that the subsequent deed purporting to convey the property from defendant Richmond to defendant

---

2. Joinder complaint of defendant Richmond, ¶¶18-19, 21.

Nguyen was void and null because it flowed from the deed containing the forged signatures of John and Lillie Mae Bonner. The order issued by this court on July 28, 2010 directed defendant Nguyen to relinquish possession of the property, and instructed the recorder of deeds to cancel the deed containing the forged signatures.

After this court issued its finding of fact and conclusions of law, defendant Nguyen filed a motion for post trial relief. This court denied that motion. Defendant Nguyen appeals the order and opinion dated July 28, 2010, as well as the order denying post trial relief dated December 8, 2010. Below are the findings of fact and conclusions of law as determined by this court at the end of trial.

*Findings of Fact*

1.   Laura Roache, plaintiff, is an adult individual and a citizen of Pennsylvania, with an address at 5013 North Camac Street, Philadelphia, Pa., 19141.

2.   Defendant Richmond American General Contractors, Inc. ("Richmond,") is a Pennsylvania corporation. Mr. John Hong ("Hong,") founder and president of Richmond, is a non-party in this action.

3.   Defendant Nguyen Chau is an individual residing in Pennsylvania.

4.   Joinder defendant Bruce Doan is an individual residing in Pennsylvania.

5.   Joinder defendant Elizabeth De Jesus is a notary public licensed in Pennsylvania.

6.   Joinder defendant Stephen Roache is an individual

residing in Pennsylvania.

7. By deed dated December 14, 1970, recorded in the office of the recorder of deeds at D/162/324, John and Lillie Mae Bonner, husband and wife, became owners of property located at 722 McKean Street, Philadelphia, Pa. (the "property").

8. John Bonner died on July 13, 1976. His wife, Lillie Mae Bonner, also known as Lillie Mae Settles, became the sole owner of the property upon the death of John Bonner.

9. Lillie Mae died intestate on October 2, 1976. Lillie Mae's sole heir was her sister, Frances Stephens. Frances Stephens was appointed administratix of the estate of Lillie Mae Bonner/Settles on May 19, 1977.

10. Title to the property passed to Frances Stephens by operation of law. No deed was ever recorded in her name.

11. Frances Stephens took out a series of loans from Logan Discount Company, each of which was secured by a mortgage against the property:

(a) Mortgage dated May 7, 1980, recorded July 10, 1980. Satisfaction of this mortgage was recorded on January 21, 1982;

(b) Mortgage dated November 17, 1981, recorded January 21, 1982. Satisfaction of this mortgage was recorded on January 14, 1983;

(c) Mortgage dated December 9, 1982, recorded January 14, 1983,

(d) Mortgage dated September 19, 1985, recorded January 29, 1986.

12. In each of the mortgages above, Frances Stephens was identified as the mortgagor.

13. Frances Stephens died on February 25, 2000 leaving her only child, Frances Howard, as her intestate heir.

14. Frances Howard executed and filed a renunciation of her right to administer the estate of Frances Stephens. Frances Howard died intestate in 2007, leaving Laura Roache, Pearl Murray, Allen Roache, Stephen Roache, Anthony Roache, Janice Watson, Diane Sturgis and Donna McIver as her heirs.

15. On May 29, 2006, the Philadelphia Register of Wills appointed Laura Roache, plaintiff herein, as admnistratix of the estate of her deceased grandmother, Frances Stephens. On May 30, 2006, the Philadelphia Register of Wills appointed Laura Roache to be also administratix of the estate of her deceased great aunt, Lillie Mae Bonner/Settles.

16. John Hong testified at trial on behalf of Richmond that he was approached by joinder defendant Bruce Doan and was told that Bruce Doan owned the property.

17. On December 7, 2009, the property was ostensibly sold to Richmond. On the same day, defendant Bruce Doan provided Richmond with a deed to the property which had been notarized by joinder defendant Elizabeth DeJesus.

18. At the time the deed was conveyed to Richmond, John Hong had constructive notice of the existence of two

satisfied and two unsatisfied mortgages which identified Frances Stephens as a potential owner of the property.

19. The deed purporting to convey the property to Richmond contained the signatures of John and Lillie Mae Bonner as grantors. At the time this deed was notarized, John and Lillie Mae Bonner had been dead for over 31 years.

20. The deed containing the signatures of John and Lillie Mae Bonner was forged and known to be forged. The forged deed is the product of an agreed upon illegal transaction knowingly conducted with the intent to defraud and avoid payment of proper transfer tax.

21. All subsequent transactions flowing from the forged deed are null and void.

22. Mr Hong paid $35,000 cash for the property. However, the forged and fraudulent deed purporting to convey the property to Richmond recites consideration of only $2,000, and the real estate tax certification form filed with the city of Philadelphia recites consideration of only $10,000.

23. Mr. Hong renovated the property on behalf of Richmond, but provided no credible evidence of expenditures. Although he stated that he had paid thousands of dollars in wages, he admitted that all wages had been paid in cash and could not be proven. He admitted that he withheld no Social Security or federal, state or local taxes on behalf of his employees, and issued no W-2 or 1099 forms to his workers.

24. Mr. Hong offered a compilation of expenditures for various construction materials, but the compilation

was produced by his wife, at his request, even though he testified that he had an accountant who kept track of all expenditures. Mr. Hong's testimony failed to provide any credible evidence of the thousands of dollars paid to renovate the property, and his testimony is rejected.

25. While renovation was in progress, an heir of Frances Howard, Allen Roache, saw the work performed upon the property, and notified Mr. Hong that the property was owned by his family.

26. In October 2008, Mr. Hong received notice that the instant lawsuit had been instituted by plaintiff, Laura Roache, contesting Richmond's title to the property.

27. After receiving notice of the lawsuit, Mr. Hong signed an agreement to sell the property to defendants Chau Nguyen. Chau Nguyen paid in good faith $220,000 for the property.

28. Schedule B, Section 1 of the title commitment given to Chau Nguyen disclosed the following:

(a) On January 12, 1983, a mortgage was recorded against the property in mortgage book EFP/576, Page 112, in the amount of $3,024.00. Frances Stephens was the named mortgagor;

(b) On January 29, 1986, a mortgage against the property was recorded in mortgage book FHS/457, page 379, in the amount of $2,520.00. Frances Stephens was the named mortgagor.

29. Chau Nguyen received from Mr. Hong a deed, dated November 14, 2008, which purported to convey the property from Richmond to Chau Nguyen. This deed was

recorded on November 24, 2008.

30. At the time this deed was accepted, the two satisfied and two unsatisfied recorded mortgages identified Frances Stephens as the potential owner of the property.

## Conclusions of Law

31. "A forged instrument being of record for [any] period of time does not estop the injured party from asserting the fraud and securing its cancellation."[3]

32. The deed purporting to convey the property from John and Lillie Mae Bonner/Settles to Richmond is null and void ab initio because the signatures of John and Lillie Mae Bonner/Settles were forged and known to be forged.

The forged deed is the product of an agreed upon illegal transaction knowingly conducted with the intent to defraud and avoid payment of proper transfer taxes.

33. All subsequent transactions flowing from the forged deed are null and void.

34. 42 Pa. C.S. § 4302(a) provides that "every document affecting title to or any interest in real property which is filed and indexed in the office of the clerk of the court of common pleas...shall be constructive notice to all persons of the filing and full contents of the document." Moreover, "When a mortgage is properly indexed...such proper indexing shall be notice to all persons of recording of the same."[4]

---

3. *Stanko v. Males*, 390 Pa. 281, 286,135 A.2d 392, 395 (Pa. 1957).
4. *First Citizens National Bank v. Sherwood and Bradford County Recorder of Deeds*, 583 Pa. 466, 470, 879 A.2d 178, 181 (Pa. 2005).

35. Though Nguyen acted in good faith when she paid for the property, she had constructive notice of the existence of two satisfied and two unsatisfied recorded mortgages identifying Frances Stephens as potential owner of the property.

36. A plaintiff who obtains cancellation of a forged deed and rescission of the underlying transaction is required to pay the bona fide purchaser for any incurred tax and insurance expenditures.[5] Plaintiff is directed to pay such expenditures, if any, to defendant Chau Nguyen.

The evidence presented at trial supports the findings of fact made by this court, and the applicable statutory and case law support the legal conclusions reached by this court at the end of trial. For the foregoing reasons, this court respectfully suggests that its order and opinion dated July 28, 2010, and its order denying post-trial relief, dated December 8, 2010, should be affirmed.

**In re S.J.E.**

---

5. *Stanko v. Males*, 390 Pa. at 287, 135 A.2d at 395 (Pa. 1957).